Filed 4/1/2016 9:51:04 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

Cause No. **2016-520,149**      **JEL**

| | | |
|---|---|---|
| MARK BENITEZ, ANA LOPEZ, Individually, | § | **72ND** DISTRICT COURT |
| and on behalf of MARIO BENITEZ, a Minor, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | OF |
| | § | |
| JIMMY TODD and | § | |
| ROAD RUNNER LOGISTICS, | § | |
| Defendants, | § | LUBBOCK COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME, Plaintiffs, Mark Benitez, Ana Lopez, Individually and on behalf of Mario Benitez, a Minor, and file this Original Petition and Jury Demand complaining of Defendants Jimmy Todd and Road Runner Logistics. In support thereof, Plaintiffs would respectfully show this Court as follows:

### I. DISCOVERY

1.0     Discovery will be conducted under level III pursuant to Rule 190.4 of the *Texas Rules of Civil Procedure.*

### II. PARTIES, JURISDICTION AND VENUE

1.     Plaintiffs are individuals who reside in Lubbock, Texas.

2.     Defendant Jimmy Todd is an Oklahoma resident but was involved in a motor vehicle collision while operating a motor vehicle in the State of Texas. Therefore, he is subject to service of process through the Chairman of the Texas Transportation Commission, pursuant to § 17.062 of the Texas Civil Practices and Remedies Code. Service may be accomplished at his last known address, 23465 S. 415th Road, Fort Gibson, Oklahoma, 74434.

1

**EXHIBIT C**

4.      Defendant Road Runner Logistics, Inc., is a foreign corporation conducting business in Texas but unregistered. Upon information and belief, agents of Defendant Road Runner were involved in a motor vehicle collision in Texas and Defendant Road Runner is subject to service of process through the Chairman of the Texas Transportation Commission, pursuant to § 17.062 of the Texas Civil Practices and Remedies Code. Defendant Road Runner may be served with process through its registered agent in Florida, Valerie Masi, 113 S. Monroe Street, 1st Floor, Tallahassee, Florida, 32301.

5.      Venue of this suit is proper in Lubbock County, Texas, pursuant to §15.002 of the Civ. Prac. & Rem. Code because Lubbock County is where the incident made the basis of this lawsuit occurred.

6.      Plaintiffs have suffered damages in excess of the jurisdictional minimum of this Court. Although Plaintiffs believe the determination of damages should be left solely to the jury, recent changes in the law require Plaintiff to articulate a range of damages sought. Therefore, pursuant to such requirement and without the benefit of discovery, Plaintiffs state that they seek damages of more than $100,000.00 but less than $200,000.00. Plaintiffs further demand all other relief to which they are entitled.

## III. FACTS

1.      On October 14, 2015, Defendant Todd was operating his vehicle south bound in the 6100 block of the I-27 service road in Lubbock, Texas.

2.      Plaintiffs were travelling west bound in the 6000 block of South Avenue Q.

3.      The intersection of such streets is controlled by a red light. At the time of this incident, such red light was against Defendant Todd.

EXHIBIT C

4.      Despite the red light, Defendant Todd proceeded into the intersection and struck Plaintiffs' vehicle, causing them significant personal injuries and other damages.

## IV. CAUSES OF ACTION AGAINST DEFENDANT TODD

**Negligence**

1.      Defendant Todd, at the time of the events giving rise to this cause of action, was employed by, an agent of, or under the control and supervision of Defendant Road Runner.  As the operator of a tractor-trailer, Defendant Todd owed Plaintiff a duty to exercise ordinary care and operate his vehicle with the due care required by the circumstances.  Defendant breached this duty and was negligent. Defendant's negligence was the sole proximate cause and/or a proximate cause of the Plaintiffs' injuries and resulting damages.  Defendant Todd's negligence includes, but is not limited to, the following:

> a.      In failing to stop at a red light;
>
> b.      In proceeding into an intersection when it was unsafe to do so;
>
> c.      In driving at an unsafe speed given the surrounding circumstances;
>
> d.      In failing to make a timely application of his brakes;
>
> e.      In failing to keep a proper lookout;
>
> f.      In failing to take proper evasive action; and
>
> g.      In many other respects.

2.      Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**Gross Negligence**

3

EXHIBIT C

3.     When viewed objectively from the standpoint of Defendant Todd at the time of the occurrence, the Defendant's conduct involved an extreme degree of risk considering the probability and magnitude of the potential harm to others.  In addition, Defendant was actually, subjectively aware of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Plaintiffs seek exemplary damages in an amount to be determined by the trier of fact.

4.     The grossly negligent acts and/or omissions of Defendant Todd were a proximate and/or producing cause of the incident forming the basis of this suit, which ultimately inflicted Plaintiff's injuries.

## V. CAUSES OF ACTION AGAINST DEFENDANT ROAD RUNNER

1.     Defendant Road Runner is vicariously liable for the damages proximately caused to Plaintiffs by virtue of the negligent conduct of its agent/employee, Defendant Todd and/or others. At all times material to the allegations contained in this complaint, Defendant Todd and/or others were employees, officers, and/or agents of Defendant Road Runner acting within the course and scope of their employment and/or agency and were negligent.

2.     The negligence of Defendant Road Runner's employee(s), officers, and/or agents, including but not limited to Defendant Todd, was a proximate cause of Plaintiffs' injuries and damages. Therefore, Defendant Road Runner is vicariously liable to the Plaintiffs for the negligent acts and/or omissions of its employees, officers, and/or agents under theory of *respondeat superior.*

**Negligent Entrustment**

4

EXHIBIT C

3.      Defendant Road Runner is further liable to the Plaintiffs for negligently entrusting a vehicle to Defendant Todd.  At the time of the incident made the basis of this suit, Defendant Road Runner was the owner of the vehicle and/or in control of the vehicle that caused the Plaintiffs' injuries.

4.      Defendant Road Runner entrusted its vehicle to Defendant Todd who it knew, or should have known, was a(n) reckless and/or incompetent driver.

5.      Defendant Todd, the driver of Defendant Road Runner's vehicle, was negligent in the operation of the vehicle and that negligence proximately caused the injuries sustained by Plaintiffs.

**<u>Negligence</u>**

6.      At all relevant times to this cause of action, Defendant Road Runner had a duty to act as a reasonable and prudent employer and trucking company. Defendant Road Runner breached this duty and was negligent. Defendant Road Runner's negligence includes, but is not limited to, the following acts and/or omissions:

      a.      In allowing Defendant Todd to operate his tractor-trailer with a passenger, Loretta Clark, who posed an unreasonable distraction and or danger to the motoring public; and

      b.      In failing to properly investigate the background and driving history of Defendant Todd; and

      c.      In many other respects.

7.      Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**EXHIBIT C**

**Gross Negligence**

8.      When viewed objectively from the standpoint of Defendant Road Runner, at the time of the occurrence, the Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  In addition, Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to §41.001(11), Texas Civil Practice and Remedies Code. Therefore, Plaintiffs seek exemplary damages in an amount to be determined by the trier of fact.

9.      Furthermore, Defendant Road Runner is liable for punitive damages because:

   a)      Defendant authorized the doing and manner of a grossly negligent act,

   b)      The Defendant was grossly negligent in its agent / employee relationship with Defendant Todd;

   c)      An agent/employee of Defendant was grossly negligent and was employed in a managerial capacity and was acting in the scope of his employment, or

   d)      Defendant or a manager of Defendant ratified or approved a grossly negligent act

   e)      The grossly negligent acts and omissions of Defendant Todd concerned conduct which were non-delegable and a proximate cause of the Plaintiffs' injuries.

10.      Whenever it is alleged that the Defendant Road Runner acted or failed to act, it is alleged it did so by and through their officers, agents, employees, principals, and vice-principals acting within the course and scope of their employment, agency, or other relationship.

## VI. DAMAGES

1.      As a proximate/producing result of Defendants' negligence as described above, Plaintiffs have suffered injuries and damages for which they seek recovery from Defendants.

6

EXHIBIT C

2.     Specifically, as a direct and proximate result of the occurrence made the basis of this

lawsuit, each of the Plaintiffs have suffered the following damages:

    a.     Physical pain, including severe and long-term disabling injuries, and mental anguish suffered in the past;

    b.     Physical pain, suffering and mental anguish which Plaintiffs in all reasonable probability will continue to suffer in the future;

    c.     Reasonable expenses for medical and hospital care and treatment incurred in the past;

    d.     Reasonable expenses for medical and hospital care and treatment which Plaintiffs in all reasonable probability will incur in the future;

    e.     Capacity of lost wages and lost earning capacity in the past and which, in reasonable probability, will be sustained in the future.

    f.     Physical impairment in the past and physical impairment which Plaintiffs, in all reasonable probability will suffer in the future; and,

    g.     Disfigurement.

## VII. PRAYER

    WHEREFORE, Plaintiffs respectfully request that the Defendants be cited to appear and

that upon final hearing of this cause Plaintiffs have judgment against the Defendants for

damages, including compensatory and exemplary damages described herein, for costs of suit, for

pre-judgment interest at the highest rate allowed by law and from the earliest date allowed by

law; and for post-judgment interest at the highest rate allowed by law and from the earliest date

allowed by law.  Plaintiffs also seek such other and further relief to which they may be justly

entitled.

    Respectfully Submitted,

    **Fadduol, Cluff, Hardy & Conaway, P.C.**
    Matthew Heape
    1115 Broadway
    Lubbock, Texas 79401

7

**EXHIBIT C**

(806) 763-3696—Fax
mheape@fchclaw.com

/s/ Matthew R. Heape
Matthew R. Heape
State Bar No. 24087694

ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

Plaintiff demands a trial by jury and herewith pays the jury fee.

/s/ Matthew Heape
Matthew Heape

8

**EXHIBIT C**